Rana P. Rastogi, Plaintiff, *v.* William Wilson et al., Copartners as W. Wilson Company, et al., Defendants.

Supreme Court, Special Term, New York County, January 15, 1948.

*Samuel Shapiro* for plaintiff.

*Arthur J. Kalmanowitz* for defendants.

PECORA, J. Motion to open default is granted. Upon the merits of the motion plaintiff has failed to show any agreement which satisfies the Statute of Frauds. (Personal Property Law, § 85). The exchange of telegrams does not indicate that any binding contract was entered into. Furthermore, since the irrevocable letter of credit was not accepted by the seller, or signed by the seller, it is not sufficient to take the case out of the application of the Statute of Frauds. As stated in *Anchor Trading Corp.* v. *Ryerson & Son* (272 App. Div. 170, 172): " The fact that it was a letter ' of credit ' does not materially strengthen the plaintiff's position. It shows that plaintiff seriously desired to consummate the transaction but is not an indication that defendant assented thereto. It does not tend to protect the party to be charged against the consequences which the Statute of Frauds was designed to avert." The motion to dismiss is therefore granted. Settle order.